Sandra A. Crawshaw-Sparks, SBN 291101
<scrawshaw@proskauer.com>
Jennifer L. Jones, SBN 284624
<jljones@proskauer.com>
Simona Weil, SBN 316449
<sweil@proskauer.com>
PROSKAUER ROSE LLP
2029 Century Park East, 24th Floor
Los Angeles, CA  90067-3010
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Plaintiff
National Academy of Recording Arts &
Sciences, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN GRAMMY AWARDS, a California corporation; AMIGOS UNIDOS TRANSFORMANDO VIDAS, INC., a California corporation; and KARINA CASTRO GARCIA (*aka* KARINA CASTRO), an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff National Academy of Recording Arts & Sciences, Inc. ("the

2    Recording Academy"), by its attorneys, Proskauer Rose LLP, for its complaint

3    against defendants Christian Grammy Awards, Amigos Unidos Transformando

4    Vidas, Inc., and Karina Castro Garcia (*aka* Karina Castro) (collectively,

5    "Defendants"), alleges as follows:

6                              **<u>NATURE OF THE ACTION</u>**

7        1.      This is a complaint for trademark infringement, false association, unfair

8    competition, false advertising, trademark dilution, and cybersquatting in violation of

9    the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and trademark infringement, trademark

10   dilution, false advertising, and unfair or deceptive business practices under state law

11   arising out of Defendants' unauthorized use of the GRAMMY® and GRAMMY

12   AWARDS® trademarks in the promotion and marketing of their event, the so-called

13   "Christian Grammy Awards" (which are scheduled to take place on November 21,

14   2019), and in the branding of the organization they registered in the name of the

15   "Christian Grammy Awards."  Defendants' conduct is a patent attempt to unlawfully

16   profit from the unauthorized use of the Recording Academy's long-standing,

17   exclusive rights in the internationally-famous GRAMMY brand.

18                                **<u>THE PARTIES</u>**

19       2.      The Recording Academy is a Delaware not-for-profit corporation with

20   its principal place of business located at 3030 Olympic Boulevard, Santa Monica,

21   California 90404.  The Recording Academy has over 18,000 members.  For more than

22   60 years the Recording Academy has represented the individuals who contribute to

23   the creation and exploitation of recorded music, including recording artists,

24   musicians, songwriters and record producers.  Among other activities, the Recording

25   Academy presents the annual GRAMMY Awards®, the only peer-presented awards

26   that honor artistic achievement in the music industry.  The Recording Academy is the

27   owner of the trademarks GRAMMY® and GRAMMY AWARDS®.

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

3.      On information and belief, Defendant Christian Grammy Awards is a California public benefit corporation with its principal place of business located at 7225 Walnut Drive, Los Angeles, California 90001.  Upon further information and belief, Christian Grammy Awards has been promoting, organizing and sponsoring an upcoming event and awards ceremony titled the "Christian Grammy Awards," with the stated intention of recognizing individuals from the Christian faith for their musical talents.  Defendant Christian Grammy Awards is also seeking to profit from the event, by charging $40 general admission, $55 medium admission, and $99.99 VIP admission.

4.      On information and belief, Defendant Amigos Unidos Transformando Vidas, Inc. is a California public benefit corporation with its principal place of business located at 7225 Walnut Drive, Los Angeles, California 90001.  Upon further information and belief, Amigos Unidos Transformando Vidas, Inc. is involved in the planning, promotion, and sponsorship of the "Christian Grammy Awards."

5.      On information and belief, Defendant Karina Castro Garcia (who is also identified on legal documents by the name "Karina Castro") is an individual residing in or around Los Angeles, California, the agent for service of process and incorporator of Christian Grammy Awards, and the agent for service of process, incorporator, and Chief Executive Officer for Amigos Unidos Transformando Vidas, Inc.

6.      Defendants are not affiliated with the Recording Academy, and the Recording Academy has not consented to, sponsored, endorsed, or approved of Defendants' use of the GRAMMY Trademarks (defined at paragraph 16, below) for any purpose, including in connection with the production or marketing of the "Christian Grammy Awards," or sale of any products, services or events or presentation of any awards.

## JURISDICTION AND VENUE

7.      This action arises under the Lanham Act, a federal statute codified at 15 U.S.C. §§ 1051, *et seq*., and California state law.

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

9.     The Recording Academy is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because (i) Christian Grammy Awards is incorporated in California and has an office located at 7225 Walnut Drive, Los Angeles, California 90001; (ii) Amigos Unidos Transformando Vidas, Inc. is incorporated in California and has offices located at 7225 Walnut Drive, Los Angeles, California 90001; (iii) on information and belief, Karina Castro Garcia (*aka* Karina Castro) is a resident in the State of California and this judicial district; (iv) Defendants conduct business within the State of California and this judicial district; (v) Defendants have caused their event to be advertised, promoted and sold using the GRAMMY Trademarks within the State of California and this judicial district; (vi) the causes of action asserted in this Complaint arise out of Defendants' contacts with the State of California and this judicial district; and (vii) Defendants have caused tortious injury to the Recording Academy in the State of California and this judicial district.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Christian Grammy Awards is incorporated in California and has an office located at 7225 Walnut Drive, Los Angeles, California 90001; (ii) Amigos Unidos Transformando Vidas, Inc. is incorporated in California and has offices located at 7225 Walnut Drive, Los Angeles, California 90001; (iii) on information and belief, Karina Castro Garcia (*aka* Karina Castro) is a resident in the State of California and this judicial district; (iv) Defendants conduct business within the State of California and this judicial district; (v) Defendants have caused its goods and services to be advertised, promoted and sold under the GRAMMY Trademarks within the State of California and this judicial district; (vi) the causes of action asserted in

4

1   this Complaint arise out of Defendants' contacts with the State of California and this

2   judicial district; (vii) Defendants have caused tortious injury to the Recording

3   Academy in the State of California and this judicial district.

4   **FACTS COMMON TO ALL COUNTS**

5   **The Recording Academy and the GRAMMY Trademarks**

6   　　11.　The Recording Academy has celebrated music through the GRAMMY

7   Awards for more than 60 years, and it is the premier outlet for honoring achievements

8   in the recording arts and supporting the music community.  The annual GRAMMY

9   Awards presentation brings together thousands of creative and technical professionals

10   in the recording industry from all over the world.

11   　　12.　Achieving a GRAMMY nomination or GRAMMY Award has been the

12   highest recognition of achievement for sound recording artists and professionals since

13   the first awards were presented in May 1959 to recognize musical excellence in works

14   released the previous year.  From the inception of the awards ceremony, the glamour

15   and prestige associated with the GRAMMY name has been undeniable, as Frank

16   Sinatra led the pack of nominees with six nominations and many of music's elite were

17   in attendance at the ceremony that evening, including Sinatra, Sammy Davis Jr., Dean

18   Martin, and Gene Autry.

19   　　13.　Today, the GRAMMY Awards is an internationally televised event,

20   which attracts over 25 million viewers annually.  Among the presenters and

21   performers at the most recent ceremony held in February 2019 were Diana Ross,

22   Dolly Parton, Smokey Robinson, Alicia Keyes, and former first Lady Michelle

23   Obama.  And the recipients of GRAMMY Awards were some of the biggest names in

24   the music business, including Cardi B., Ariana Grande, Lady Gaga, Kacey

25   Musgraves, Childish Gambino, and Willie Nelson, to name a few.

26   　　14.　The GRAMMY Awards recognize Gospel/Contemporary Christian

27   Music, awarding five distinct awards in this category, including Best Contemporary

28   Christian Music Performance/Song and Best Contemporary Christian Music Album.

15.     Bestowing a prestigious GRAMMY Award on artists and other industry professionals is not the only way in which the Recording Academy uses the GRAMMY Marks to achieve its mission to positively impact the lives of musicians, industry members and society at large.  The Recording Academy achieves this goal through recognizing the best in music through the GRAMMY Awards and also by establishing itself as one of the preeminent arts advocacy and outreach organizations, which it accomplishes through GRAMMY-branded affiliates such as the GRAMMY Museum, the GRAMMY Museum Foundation, and other affiliates, including MusiCares.

16.     The Recording Academy has used the mark GRAMMY in commerce continuously since at least 1959 and owns numerous trademark registrations for the terms "GRAMMY" and "GRAMMY AWARDS" (collectively, with the GRAMMY Statuette (defined below at paragraph 21), the "GRAMMY Trademarks" or "GRAMMY Marks"):

17.     Among other registrations, the Recording Academy owns the following registrations (collectively, the "GRAMMY Registrations"):

    a. U.S. Trademark Registration No. 3,202,214 (first use 1959) for the GRAMMY word mark, which the United States Patent & Trademark Office ("PTO") issued to the Recording Academy on January 3, 2007 for use in connection with entertainment services, namely, live performances by musical artists and musical groups; entertainment in the nature of televised music awards programs; and an annual awards program for the presentation of awards in recognition of distinguished achievement in the field of music; among other uses.  A true and correct copy of this registration certificate is attached as Exhibit A;

    b. U.S. Trademark Registration No. 3,202,218 (first use 1959) for the GRAMMY AWARDS word mark, which the PTO issued to the Recording Academy on January 23, 2007, for use in connection with

6

educational services, namely, providing incentives to people to demonstrate excellence in the field of music and video arts and sciences through the issuance of awards and, among other things, an annual awards program for the presentation of awards in recognition of distinguished achievement in the field of music.  A true and correct copy of this registration certificate is attached as Exhibit B.

  c. U.S. Trademark Registration No. 887,642 (first use 1959) for the GRAMMY word mark, which the PTO issued to the Recording Academy on March 10, 1970 for use in connection with association services, namely, promoting artistic progress and achievement in the field of recording arts and sciences.  A true and correct copy of this registration certificate is attached as Exhibit C; and

  d. U.S. Trademark Registration No. 2,332,258 (first use 1958) for the GRAMMY word mark, which the PTO issued to the Recording Academy on March 21, 2000 for use in connection with educational services, namely, providing incentives to people to demonstrate excellence in the field of music and video arts and sciences through the issuance of awards.  A true and correct copy of this registration certificate is attached as Exhibit D.

18. The GRAMMY Registrations are in full force and effect on the PTO's Principal Register and give rise to presumptions in favor of the Recording Academy with respect to validity, ownership, and exclusive rights to use the GRAMMY Marks throughout the United States.  Moreover, the GRAMMY Registrations have become incontestable pursuant to 15 U.S.C. § 1065 because each of the registrations was issued over five years ago and the Recording Academy submitted Lanham Act § 15 Affidavits, which the U.S. Trademark Office acknowledged.

19. As a result of the Recording Academy's extensive use of the GRAMMY Marks nationwide over a period of more than 60 years, significant expenditure of

7

resources to advertise and promote its brand nationwide in a broad variety of trade channels in connection with the GRAMMY Marks, and the undeniable popularity of the annual GRAMMY Awards ceremony and telecast, the GRAMMY Trademarks have a high degree of consumer recognition and have become famous.

20.     For over 60 years, the Recording Academy has used a statuette incorporating a gramophone design to honor outstanding musical achievements.

21.     Each year, at the annual awards ceremony, GRAMMY Award winners are presented with the following statuette, which displays the winner's name ("GRAMMY Statuette"):



22.     In addition, the Recording Academy regularly uses its GRAMMY Statuette as a logo to promote the annual GRAMMY Awards ceremony and telecast.

23.     Each year, in anticipation of the annual GRAMMY Awards ceremony, the Recording Academy creates a specific "telecast" logo that incorporates the GRAMMY Statuette and the edition of the GRAMMY Awards show.  This telecast logo is prominently used on air during the telecast and in TV, print, online, and billboard advertising to promote the telecast.  The logo is also commercialized in limited edition souvenir merchandise such as hats, shirts, pins, posters and other promotional items and appears on a program book created each year for the GRAMMY Awards ceremony that is distributed to all attendees and is available for sale.  *See* www.grammystore.com.





24.     Each year, in anticipation of the GRAMMY Awards ceremony, the Recording Academy releases a GRAMMY nominees album, which features a selection of songs from several of the artists nominated for a GRAMMY Award that year.  The annual GRAMMY nominees album displays the GRAMMY Statuette on the cover.

1    25.    In addition to the telecast logo, the GRAMMY Statuette is prominently

2    displayed throughout the televised portion of the GRAMMY Awards telecast.  *See*

3    https://www.youtube.com/watch?v=OrreCydJqZY.



14    26.    As a result of the Recording Academy's extensive, long-term, and

15    continuous use of the GRAMMY Statuette nationwide, and the undeniable popularity

16    of the annual GRAMMY Awards ceremony and telecast, the Recording Academy has

17    established trademark rights in the GRAMMY Statuette as an indicator of source for a

18    specific awards show.

19    **The Annual Latin GRAMMY Awards**

20    27.    In 1997, the Recording Academy launched its first international venture,

21    The Latin Academy of Recording Arts and Sciences, Inc. ("the Latin Recording

22    Academy"), representing a vibrant and passionate creative community.

23    28.    Since 2000, the Latin Recording Academy has organized the annual

24    Latin GRAMMY Awards, recognizing excellence and creating a greater public

25    awareness of the cultural diversity of Latin recording artists and creators, both

26    domestically and internationally.

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

29.     The 20th Annual Latin GRAMMY Awards show will take place on November 14, 2019 at the MGM Grand Garden Arena in Las Vegas, Nevada and will be telecast all over the world.

**Defendants' Use of the GRAMMY Marks**

30.     Defendants are well aware of the popularity and fame of the Recording Academy's GRAMMY Trademarks and the goodwill represented and symbolized by these marks.

31.     Nevertheless, with full awareness of that popularity, fame, and goodwill, Defendants have undertaken unfairly and in bad faith to use the GRAMMY Marks for the purpose of drawing attention to Defendants' event.  Defendants have been unfairly trading off the GRAMMY brand by organizing, hosting, advertising, and selling tickets to an event titled the "Christian Grammy Awards."

32.     Tickets for the event are available here:

https://www3.ticketon.com/event/CHRISTIAN-GRAMMY-AWARDS/391824.

33.     Specifically, Defendants are unlawfully infringing the GRAMMY Trademarks by among other things:

      a. Using the GRAMMY Marks to describe or refer to their event;

      b. Using the GRAMMY Marks to describe or refer to awards presented at their event;

      c. Using the GRAMMY Marks to advertise their event, including but not limited to in promotional materials, such as flyers and tickets, and on nationwide social media, such as the following representative profiles and pages they apparently control:

- https://www3.ticketon.com/event/CHRISTIAN-GRAMMY-AWARDS/391824
- https://www.facebook.com/ChristiangrammyAwards/
- https://www.facebook.com/pages/category/Music-Award/Christian-Grammy-Awards-318836312136781/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

- https://www.facebook.com/Christian-Grammy-Awards-318836312136781/
- https://www.facebook.com/318836312136781/photos/a.318836348803444/410931726260572/?type=3&theater

     d. Using christiangrammyawards@gmail.com as an email address for their event;

     e. Using "Christian Grammy Awards" as a YouTube channel to advertise and promote the event "Christian Grammy Awards," among other things (https://www.youtube.com/channel/UCdOVSh71ibXm5NIDgI7aQww); and

     f. Using or promoting use of the GRAMMY Marks in social media handles and hashtags regarding their events, such as @Christian_Grammy_Awards and #christiangrammyawards.

34.    Defendants unlawfully promote their Christian Grammy Awards organization on the Internet. *See, e.g.,* https://www.facebook.com/ChristiangrammyAwards/.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

35.     With respect to Defendants' advertising of the "Christian Grammy Awards" event, the word GRAMMY is the largest and most prominent word on the advertisement, claiming, or at a minimum suggesting, sponsorship by or affiliation with the Recording Academy.



36.     Defendants are using the following logo to promote the upcoming event and awards ceremony the "Christian Grammy Awards":



37.     Upon information and belief, Defendants upcoming event and awards ceremony the "Christian Grammy Awards" is set to take place at 12145 Woodruff Ave., Downey, California 90241 on November 21, 2019, exactly one week after the Latin GRAMMY Awards ceremony, scheduled for November 14, 2019.

38.     These actions directly infringe the Recording Academy's GRAMMY Trademarks and trade off the popularity of the Recording Academy's Annual GRAMMY Awards.

39.     Additionally, Defendants are unlawfully using the GRAMMY Marks in the name of one of the organizations promoting the event, "Christian Grammy Awards."

40.     On September 5, 2019 Defendants filed U.S. Application Serial No. 88,605,478 to register a CHRISTIAN GRAMMY AWARDS word and design mark in Class 35 for "association services, namely, promoting the interests of promoting artistic progress and achievement in the field of recording artist and or musicians in the Christian faith," which includes the following design:



(the "Christian Grammy Awards Design").  A true and correct copy of this trademark application is attached as Exhibit E.

41.     The Christian Grammy Awards Design is substantially similar to the GRAMMY Statuette.

<u>GRAMMY Statuette</u>                              <u>Christian Grammy Awards</u> <u>Design</u>

     

42.     Upon information and belief, Defendants created their design using the GRAMMY Statuette as a foundation.  The base of the Christian Grammy Awards Design is the same as the base of the GRAMMY Statuette: a black platform with a gold gramophone sound box atop.  Defendants' design swaps just the gramophone horn for the clef symbol, but includes the sound box, which serves no purpose in the design except to call to mind the GRAMMY brand.

43.     The clef symbol on the Christian Grammy Awards Design does not make is sufficiently different from the GRAMMY Statuette to avoid confusion because other distinctive components of the GRAMMY Statuette are still present.

44.     Furthermore, Defendants Karina Castro Garcia (*aka* Karina Castro) and Amigos Unidos Transformando Vidas, Inc. are unlawfully using the GRAMMY Trademarks in the domain name: <christiangrammyawards.com>.

45.     Specifically, Defendants Karina Castro Garcia (*aka* Karina Castro) and Amigos Unidos Transformando Vidas, Inc. have registered the domain <christiangrammyawards.com>.  A true and correct copy of the registration information from ICANN's WHOIS registry is attached as Exhibit F.

46.     The addition of the word "Christian" before "Grammy Awards" is not sufficient to notify a consumer or the media that the ceremony and award presented

15

are not affiliated with the Recording Academy.  Among other things, the GRAMMY Awards themselves include a Gospel/Contemporary Christian Music category, and the Recording Academy has licensed the use of the word GRAMMY in connection with awards ceremonies held by its affiliates, such as the Latin GRAMMY Awards.

47.    As a result, use of the words "Grammy" and "Grammy Awards" in connection with Defendants' event is likely to suggest to a consumer and the media that the event is produced by, sponsored by and/or affiliated with the Recording Academy itself, particularly given that the Recording Academy and the Latin Recording Academy organize annual GRAMMY Awards ceremonies.

48.    The Recording Academy has already received inquiries confirming that the public is confused about whether Defendants' event is affiliated with the Recording Academy, including at least one request from the media to "verify" the event is an "official Grammys event."

49.    Given the prominent use of the GRAMMY Marks in connection with the promotion of Defendants' event, the close timing of Defendants' upcoming event and awards ceremony and the Latin GRAMMY Awards ceremony, and similar purpose of these events—among other things to honor excellence in music—the Recording Academy's consumers are likely to mistakenly believe that (1) Defendants' "Christian Grammy Awards" are affiliated with, sponsored by, approved by, or associated with the Recording Academy; (2) Defendants' "Christian Grammy Awards" are related to the Recording Academy's Annual GRAMMY Awards ceremony and/or the Latin Recording Academy's Annual GRAMMY Awards ceremony; and/or (3) that the tickets the consumer is purchasing for Defendants' "Christian Grammy Awards" are to an event sponsored by or associated with the Recording Academy or the Latin Recording Academy, when in fact they are not.

50.    Indeed, upon information and belief, Defendants' use of the GRAMMY Marks has no purpose other than to confuse consumers and to profit from the

1   goodwill and consumer recognition associated with the Recording Academy and its

2   GRAMMY Trademarks.

3   **Defendants' Continued, Willful Infringement**

4   51.   On September 10, 2019, having discovered Defendants' unlawful

5   conduct described herein, counsel for the Recording Academy put Defendants on

6   notice that its "Christian Grammy Awards" infringes the Recording Academy's rights

7   in the GRAMMY Marks.  Specifically, counsel for the Recording Academy "ask[ed]

8   that Amigos Unidos Transformando Vidas change the name of its upcoming event

9   and awards ceremony to remove any use of the GRAMMY Marks [and…] that it

10  update all of its advertisements and promotional materials for the event to reflect the

11  new non-infringing name, and that Amigos Unidos Transformando Vidas inform its

12  business partners such as nominees, sponsors, vendors, and venue of this important

13  change."  Counsel for the Recording Academy also asked for acknowledgement of

14  receipt of the letter and compliance with its requests by September 25, 2019.  A true

15  and correct copy of this correspondence is attached as Exhibit G.

16  52.   Defendants did not respond to the September 10, 2019 correspondence

17  and continued to directly infringe the GRAMMY Trademarks.

18  53.   After issuing the September 10, 2019 correspondence, the Recording

19  Academy learned of Defendants application to trademark the "Christian Grammy

20  Awards" mark.

21  54.   On October 14, 2019, the Recording Academy filed a Letter of Protest to

22  the Commissioner of Trademarks regarding Application Serial No. 88,605,478 for the

23  mark "CHRISTIAN GRAMMY AWARDS."  A true and correct copy of the filing

24  receipt for the Letter of Protest is attached as Exhibit H.

25  55.   Having heard no response from Defendants following the September 10,

26  2019 correspondence and October 14, 2019 Letter of Protest, the Recording

27  Academy's counsel again wrote to Defendants on October 22, 2019 and (a) informed

28  Defendants' that the use the name "Christian Grammy Awards" for an event, and the

17

use and/or registration of "Christian Grammy" for an organization name is unlawful; (b) demanded that Defendants change the name of the upcoming Christian Grammy Awards event and awards ceremony to remove any use of the GRAMMY Marks; (c) demanded that Defendants update all advertisements and promotional materials for the event to reflect the new non-infringing name; (d) demanded that Defendants inform all business partners such as nominees, sponsors, vendors, and venue of this important change; (e) demanded that Defendants delete all social media pages using the name Christian Grammy or Christian Grammy Awards; (f) demanded that Defendants  change the name of the Christian Grammy Awards corporation to a name that does not include GRAMMY; and (g) demanded that Defendants expressly abandon U.S. Application Serial No. 88,605,478.   A true and correct copy of this correspondence is attached as Exhibit I.

56.     On October 28, 2019, an Attorney Advisory in the Office of the Deputy Commissioner for Trademark Examination Policy issued a Letter of Protest Memorandum, accepting the Recording Academy's Letter of Protest concerning U.S. Application Serial No. 88605478 for the mark CHRISTIAN GRAMMY AWARDS "because the evidence submitted by the protester is relevant and may support a reasonable ground for refusal appropriate in ex parte examination."  A true and correct copy of the Letter of Protest Memorandum is attached as Exhibit J.

57.     As of the date of this filing, Defendants have not responded to any of the Recording Academy's correspondence or complied with any of its demands.

58.     The social media pages referenced above at ¶¶ 33(c) and 34, and YouTube channel referenced above at ¶ 33(e) are still active and continue to reflect the very kinds of promotional and other uses of the GRAMMY Marks which infringe upon the Recording Academy's rights.  *See* examples attached as Exhibit K.

59.     Defendants' failure to comply with the Recording Academy's demands demonstrates a deliberate intent to continue to wrongfully compete with the

1 Recording Academy and to willfully infringe the Recording Academy's rights in the

2 GRAMMY Trademarks.

3      60.    Defendants' unlawful activities have already resulted in consumer

4 confusion and are irreparably injuring the Recording Academy.  Defendants' conduct

5 and the harm caused to the Recording Academy will continue unless and until halted

6 by this Court.  The Recording Academy seeks temporary, preliminary and permanent

7 injunctive relief, corrective advertising, disgorgement of profits made by Defendants

8 attributable to their infringement of the GRAMMY Marks, including but not limited

9 to all profits earned from Defendants' sale of tickets to the "Christian Grammy

10 Awards", treble damages based on Defendants' willful conduct, punitive damages

11 and reasonable attorneys' fees.

12 **<u>COUNT I</u>**

13 **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**

14      61.    The Recording Academy repeats and realleges every allegation

15 contained in paragraphs 1-60 as though fully set forth herein.

16      62.    The GRAMMY Trademarks are inherently distinctive, strong, valid, and

17 protectable trademark owned by the Recording Academy.

18      63.    Defendants are infringing the Recording Academy's GRAMMY

19 Trademarks in connection with its marketing and promotion of the "Christian

20 Grammy Awards" event/ ceremony and in the use of the Recording Academy's

21 registered trademarks in the organization name Christian Grammy Awards.

22      64.    Defendants' use of the GRAMMY Trademarks in connection with its

23 event and organization has caused and/or is likely to cause confusion, mistake, or

24 deception as to the source or sponsorship of the event and sale of tickets and/or is

25 likely to lead the consuming public to believe that the Recording Academy has

26 authorized, approved, or somehow sponsored Defendants' event and organization.

27      65.    Moreover, Defendants' use of the GRAMMY Marks in connection with

28 the presentation of awards at their event is likely to cause confusion, mistake, or

19

deception as to the source, sponsorship, or affiliation of the awards presented and/or is likely to lead the consuming public to believe that the Recording Academy has authorized, approved, or somehow sponsored Defendants' awards.

66.     Defendants' display or use of the GRAMMY Trademarks is and has been without the consent or authorization of the Recording Academy and for commercial purposes.

67.     The actions of Defendants described above and specifically, without limitation, Defendants' use of the Recording Academy's GRAMMY Trademarks on their event and organization name constitutes trademark infringement in violation of 15 U.S.C. § 1114.

68.     Defendants have been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to the Recording Academy's reputation and the diminution of the goodwill of the GRAMMY Trademarks is difficult to ascertain with specificity. The Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

69.     The Recording Academy is entitled to recover damages in an amount to be determined at trial and the profits made by Defendants on the sales of tickets to its event the "Christian Grammy Awards."  Furthermore, the Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling the Recording Academy to recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II

## FALSE ASSOCIATION AND/OR FALSE DESIGNATION IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A)

70.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-60 as though fully set forth herein.

71.     Defendants have used in commerce and without the Recording Academy's authorization or consent the GRAMMY Trademarks in connection with Defendants' event, "Christian Grammy Awards," including the marketing and promotion thereof.

72.     Defendants' actions as described herein have caused and are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that the Recording Academy has authorized, approved, or somehow sponsored Defendants' "Christian Grammy Awards" event and the awards Defendants present at that event.

73.     Defendants' actions constitute false association and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

74.     The Recording Academy has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to the Recording Academy's reputation and the diminution of the goodwill of the GRAMMY Trademarks is difficult to ascertain with specificity.  The Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

75.     The Recording Academy is entitled to recover damages in an amount to be determined at trial and the profits made by Defendants on the sales of tickets to its event the "Christian Grammy Awards."  Furthermore, the Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, and

1   deception, making this an exceptional case entitling the Recording Academy to

2   recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35

3   of the Lanham Act, 15 U.S.C. § 1117, as well as prejudgment interest.

## COUNT III

**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A)**

6       76.     The Recording Academy repeats and realleges every allegation

7   contained in paragraphs 1-60 as though fully set forth herein.

8       77.     Defendants have used in commerce and without the Recording

9   Academy's authorization or consent the GRAMMY Trademarks in connection with

10   Defendants' marketing and sale of tickets to the "Christian Grammy Awards."

11       78.     Defendants' actions as described herein are likely to cause confusion and

12   deception among the consuming public and are likely to lead the consuming public to

13   believe that the Recording Academy has authorized, approved, or somehow

14   sponsored Defendants' "Christian Grammy Awards" show.

15       79.     Defendants' actions constitute false association, false designation of

16   origin, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

17       80.     The Recording Academy has been, and will continue to be, damaged and

18   irreparably harmed by the actions of Defendants, which will continue unless

19   Defendants are enjoined by this Court.  The Recording Academy has no adequate

20   remedy at law in that the amount of damage to the Recording Academy's reputation

21   and the diminution of the goodwill of the GRAMMY Trademarks is difficult to

22   ascertain with specificity.  The Recording Academy is therefore entitled to injunctive

23   relief pursuant to 15 U.S.C. § 1116.

24       81.     The Recording Academy is entitled to recover damages in an amount to

25   be determined at trial and the profits made by Defendants on the sales of tickets to the

26   "Christian Grammy Awards."  Furthermore, the Recording Academy is informed and

27   believes, and on that basis alleges, that the actions of Defendants were undertaken

28   willfully and with the intention of causing confusion, mistake, and deception, making

1  this an exceptional case entitling the Recording Academy to recover treble damages,

2  reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15

3  U.S.C. § 1117, as well as prejudgment interest.

## COUNT IV

### FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(B)

6      82.    The Recording Academy repeats and realleges every allegation

7  contained in paragraphs 1-60 as though fully set forth herein.

8      83.    Defendants have used in commerce and without the Recording

9  Academy's authorization or consent the GRAMMY Trademarks in connection with

10  Defendants' advertising, promotion of and sale of tickets to the "Christian Grammy

11  Awards."

12      84.    Defendants' actions as described herein misrepresent the nature,

13  characteristics, and qualities of the Defendants' upcoming event/ awards ceremony.

14      85.    Defendants' actions constitute false advertising in violation of 15 U.S.C.

15  § 1125(a)(1)(B).

16      86.    The Recording Academy has been, and will continue to be, damaged and

17  irreparably harmed by the actions of Defendants, which will continue unless

18  Defendants are enjoined by this Court.  The Recording Academy has no adequate

19  remedy at law in that the amount of damage to the Recording Academy's reputation

20  and the diminution of the goodwill of the GRAMMY Trademarks is difficult to

21  ascertain with specificity.  The Recording Academy is therefore entitled to injunctive

22  relief pursuant to 15 U.S.C. § 1116.

23      87.    The Recording Academy is entitled to recover damages in an amount to

24  be determined at trial and the profits made by Defendants on the sales of tickets to the

25  "Christian Grammy Awards."  Furthermore, the Recording Academy is informed and

26  believes, and on that basis alleges, that the actions of Defendants were undertaken

27  willfully and with the intention of causing confusion, mistake, and deception, making

28  this an exceptional case entitling the Recording Academy to recover treble damages,

23

1    reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15

2    U.S.C. § 1117, as well as prejudgment interest.

3                                            **COUNT V**

4            **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)**

5            88.    The Recording Academy repeats and realleges every allegation

6    contained in paragraphs 1-60 as though fully set forth herein.

7            89.    The Recording Academy is the owner of the GRAMMY Trademarks,

8    which is and has become famous by virtue of, *inter alia*, its strong brand recognition,

9    extent of use, extent of advertising, publicity, and nationwide usage.

10           90.    Defendants' foregoing willful and bad faith acts dilute and tarnish, and

11   are likely to and will continue to dilute and tarnish, the distinctive qualities of the

12   Recording Academy's trademark in violation of Section 43 of the Lanham Act, 15

13   U.S.C. 1125(c).

14           91.    Defendants' infringing use began after the GRAMMY Trademarks

15   became famous.

16           92.    Defendants' acts described above have and will continue to impair the

17   GRAMMY Marks' ability to act as distinctive identifiers of source or origin, tarnish

18   the GRAMMY Marks and harm their reputation, and diminish the integrity of the

19   products and services with which the GRAMMY Marks are associated.

20           93.    The Recording Academy has been, and will continue to be, damaged and

21   irreparably harmed by the actions of Defendants, which will continue unless

22   Defendants are enjoined by this Court.  The Recording Academy has no adequate

23   remedy at law in that the amount of damage to the Recording Academy's reputation

24   and the diminution of the goodwill of the GRAMMY Trademarks is difficult to

25   ascertain with specificity.  The Recording Academy is therefore entitled to injunctive

26   relief pursuant to 15 U.S.C. § 1116.

27           94.    The Recording Academy is entitled to recover damages in an amount to

28   be determined at trial and the profits made by Defendants on the sales of tickets to the

                                                24

"Christian Grammy Awards."  Furthermore, the Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling the Recording Academy to recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, as well as prejudgment interest.

**COUNT VI**

**COMMON LAW TRADEMARK INFRINGEMENT**

95.    The Recording Academy repeats and realleges every allegation contained in paragraphs 1-60 as though fully set forth herein.

96.    Defendants' conduct, as described above, concerning Defendants' "Christian Grammy Awards" event and "Christian Grammy Awards" organization, including but not limited to Defendants use of the GRAMMY Marks and employing a design mark that is substantially similar to the GRAMMY Statuette, constitutes trademark infringement in violation of the common law of California.

97.    As a direct and proximate result of Defendants' conduct alleged herein, the Recording Academy has suffered injury and has lost money or property, causing damage to the Recording Academy in an amount to be determined at trial.

98.    Defendants' acts have caused, and will continue to cause, irreparable injury to the Recording Academy and its business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

**COUNT VII**

**TRADEMARK DILUTION**

**IN VIOLATION OF CAL. BUS. & PROF. CODE § 14247**

99.    The Recording Academy repeats and realleges every allegation contained in paragraphs 1-60 as though fully set forth herein.

1    100.    The Recording Academy is the owner of the GRAMMY Trademarks,

2    which is famous and distinctive within the meaning of Cal. Bus. & Prof. Code

3    §14247.

4    101.    Defendants' infringing use began after the GRAMMY Trademarks

5    became famous.

6    102.    Defendants' continued use of the GRAMMY Trademarks is likely to

7    cause dilution of the distinctive quality of the Recording Academy's famous

8    GRAMMY Trademarks and injury to the Recording Academy's business and

9    reputation.

10    103.    The Recording Academy has been, and will continue to be, damaged and

11    irreparably harmed by the actions of Defendants, which will continue unless

12    Defendants are enjoined by this Court.  The Recording Academy has no adequate

13    remedy at law in that the amount of damage to the Recording Academy's reputation

14    and the diminution of the goodwill of the GRAMMY Trademarks is difficult to

15    ascertain with specificity.  The Recording Academy is therefore entitled to injunctive

16    relief pursuant to Cal. Bus. & Prof. Code § 14247.

17    104.    On information and belief, the actions of Defendants described herein

18    were and continue to be deliberate and willful.  The Recording Academy is therefore

19    entitled to the remedies set forth in Cal. Bus. & Prof. Code § 14250, including

20    recovery in an amount to be determined at trial of up to three times Defendants'

21    profits from, and up to three times all damages suffered by reason of, Defendants' sale

22    of tickets to the "Christian Grammy Awards."

23                                **COUNT VIII**

24                **UNFAIR OR DECEPTIVE ACTS OR PRACTICES**

25         **IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq*.**

26    105.    The Recording Academy repeats and realleges every allegation

27    contained in paragraphs 1-60 as though fully set forth herein.

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

106.   Members of the public are likely to be confused and deceived into believing that Defendants' "Christian Grammy Awards" ceremony and "Christian Grammy Awards" organization are sponsored by or affiliated with the Recording Academy.

107.   Defendants' conduct as described herein constitutes unfair, unlawful and/or fraudulent business practices that have injured and will continue to injure the Recording Academy's business in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

108.   Defendants' acts have caused, and will continue to cause, irreparable injury to the Recording Academy and its business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

109.   As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unfair, unlawful and/or fraudulent conduct.

## COUNT IX

### FALSE ADVERTISING

### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500, *et seq*.

110.   The Recording Academy repeats and realleges every allegation contained in paragraphs 1-60 as though fully set forth herein.

111.   Defendants' conduct, as described above, concerning Defendants' "Christian Grammy Awards" event and "Christian Grammy Awards" organization, constitutes the dissemination of untrue and misleading statements, which Defendants know, or should have known by the exercise of reasonable care, are untrue or misleading.

112.   Defendants' conduct as described above is in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*.

113.   As a direct and proximate result of Defendants' conduct alleged herein, the Recording Academy has suffered injury and has lost money or property as a result

27

of such untrue or misleading statements, causing damage to the Recording Academy in an amount to be determined at trial.

114. Defendants' acts have caused, and will continue to cause, irreparable injury to the Recording Academy and its business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

## COUNT XI

## CYBERSQUATTING

## IN VIOLATION OF 15 U.S.C. § 1125(d)

115. The Recording Academy repeats and realleges every allegation contained in paragraphs 1-60 as though fully set forth herein.

116. Defendants registered, trafficked in, or used the <christiangrammyawards.com> domain name.

117. The GRAMMY Trademarks were distinctive and federally registered at the United States Patent and Trademark Office at the time Defendants registered and used the <christiangrammyawards.com> domain name.

118. The <christiangrammyawards.com> domain name is confusingly similar to the GRAMMY Trademarks.

119. Defendants registered, trafficked in, or used the <christiangrammyawards.com> domain name with a bad faith intent to profit from the GRAMMY Trademarks.

120. Defendants do not have any intellectual property rights or any other rights in the GRAMMY Trademarks.

121. To the extent the <christiangrammyawards.com> domain name consists of the name of one of the Defendants, the registration of that name by Defendants was unlawful.

122. Defendants have not made any use of any of the <christiangrammyawards.com> domain name in connection with the *bona fide* offering of any goods or services.

123.   Defendants have not made any *bona fide* fair use of the GRAMMY Trademarks on a website accessible under the <christiangrammyawards.com> domain name.

124.   Defendants registered and used the <christiangrammyawards.com> domain name to divert consumers from the Recording Academy's www.grammy.com website to a website accessible under the <christiangrammyawards.com> domain name for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of his website.

125.   The GRAMMY Trademarks are famous within the meaning of 15 U.S.C. § 1125(c).

126.   Defendants' registration, use, or trafficking in the <christiangrammyawards.com> domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling the Recording Academy to relief.

127.   By reason of Defendants acts alleged herein, the Recording Academy's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, the Recording Academy is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

128.   By reason of Defendants' acts alleged herein, the Recording Academy is entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by the Recording Academy, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

129.   This is an exceptional case making the Recording Academy eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, the Recording Academy prays for judgment as follows:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    1.    Temporarily, preliminarily and permanently enjoining Defendants, their

2    officers, agents, servants, employees, representatives, successors, and assigns, and all

3    persons or entities acting in concert or participation with any or all of them, from

4    engaging or participating in, either directly or indirectly, any and all of the following

5    conduct:

6        (a)    Using, displaying or incorporating the "GRAMMY" name and/or

7    GRAMMY Marks in connection with the marketing, promotion, advertising, or sale

8    of tickets to any events or awards ceremonies, including but not limited to the

9    upcoming "Christian Grammy Awards" event and awards ceremony currently

10   scheduled to proceed on November 21, 2019;

11       (b)    Using, displaying or incorporating the "GRAMMY" name and/or

12   GRAMMY Marks in connection with any entity or corporation that hosts events or

13   award ceremonies or bestows awards, including but not limited to using the entity

14   name "Christian Grammy Awards" as a legal name of a corporation or doing business

15   under such name;

16       (c)    Using, displaying or incorporating the Christian Grammy Awards

17   Design in connection with the marketing, promotion, advertising, or sale of tickets to

18   any events or awards ceremonies, including but not limited to the upcoming

19   "Christian Grammy Awards" event and awards ceremony currently scheduled to

20   proceed on November 21, 2019, and in connection with any entity or corporation that

21   hosts events or award ceremonies or bestows awards, including but not limited to the

22   "Christian Grammy Awards" organization;

23       (d)    Registering, using, or trafficking in any domain name that uses the

24   "GRAMMY" name and/or GRAMMY Trademarks, or that is identical or confusingly

25   similar to the GRAMMY Trademarks, including but not limited to taking any action

26   to establish a live website on the registered domain <christiangrammyawards.com>;

27   and

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(e)    Continued prosecution of the application to register the CHRISTIAN GRAMMY AWARDS word and design mark, U.S. Application Serial No. 88,605,478.

2.    Directing that Defendants publish notices to all media and purchasers of tickets to their event the "Christian Grammy Awards" (a) advising of their unlawful use of the GRAMMY Trademarks and GRAMMY Statuette; (b) setting forth the new name for their event and organization, (c) stating that Defendants had no authority to use the GRAMMY Trademarks and (d) stating that Defendants and their event are not affiliated with, endorsed by, or sponsored by the Recording Academy;

3.    Directing that Defendants recall from the trade and all distribution channels any and all products, packaging, advertising and promotional materials bearing the GRAMMY Marks;

4.    Directing that Defendants expressly abandon the registration for the entity incorporated under the laws of the State of California as the "Christian Grammy Awards";

5.    Directing that Defendants assign to the Recording Academy all rights to the <christiangrammyawards.com> domain name;

6.    Directing that Defendants expressly abandon U.S. Application Serial No. 88,605,478 for the CHRISTIAN GRAMMY AWARDS word and design mark;

7.    Directing that Defendants be required to file with the Court and serve on the Recording Academy, within ten (10) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

8.    Directing that Defendants account to the Recording Academy for all gains, profits, revenues and advantages derived from their wrongful conduct described herein;

9.      Directing that Defendants pay the Recording Academy such damages as it has sustained as a consequence of Defendants' wrongful conduct described herein, with the precise amount to be determined at trial;

10.     Directing that Defendants pay the Recording Academy punitive damages, in an amount to be determined at trial, as a result of Defendants' malicious, wanton and/or oppressive conduct pursuant to Cal. Civ. Code § 3294;

11.     Directing that Defendants pay the Recording Academy three times all of Plaintiffs' damages suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act, as well as the Recording Academy's costs, attorneys' fees, and expenses in this suit under Cal. Bus. & Prof. Code §§ 14247 and 14250 and because this is an "exceptional case" under Section 35 of the Lanham Act, 15 U.S.C. § 1117;

12.     Directing that the Recording Academy be awarded $100,000 per infringing domain name in statutory damages by reason of Defendants' cybersquatting in accordance with the provisions of 15 U.S.C. § 1117;

13.     Directing that Defendants pay to the Recording Academy pre- and post-judgment interest;

14.     Directing such other action as the Court may deem just and proper to prevent the trade and public from deriving the mistaken impression that any products or services offered, advertised, or promoted by or on behalf of Defendants are authorized by or affiliated with the Recording Academy or related any way to the Recording Academy's products or services; and

1      15.    Granting the Recording Academy such other and further relief as the

2  Court may deem just and proper.

3

DATED:  October 30, 2019                Sandra A. Crawshaw-Sparks

4                                      Jennifer L. Jones

5                                      Simona Weil
                                        PROSKAUER ROSE LLP

6

7

8                            /s/        *Jennifer L. Jones*
                                        Jennifer L. Jones

9                        Attorneys for Plaintiff
                        National Academy of Recording Arts &

10                     Sciences, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2

    Plaintiff National Academy of Recording Arts & Sciences, Inc. hereby

3

demands a trial by jury.

4

5
DATED:  October 30, 2019          Sandra A. Crawshaw-Sparks
Jennifer L. Jones

6
                                       Simona Weil
PROSKAUER ROSE LLP

7

8

9
                              /s/     *Jennifer L. Jones*
                                    Jennifer L. Jones

10

11
                            Attorneys for Plaintiff
National Academy of Recording Arts &
Sciences, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEMAND FOR JURY TRIAL**